# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION
# HOUSTON, TEXAS

| | |
|---|---|
| **Saad Jasim Khalaf AL-JUMAILI,** **Faraed AL RASOOQ,** and **Ahmed SAAD**, Plaintiffs v. **Antony J. BLINKEN**, Secretary, U.S. Department of State, Defendant | Case No. _____ |

# PLAINTIFF'S ORIGINAL COMPLAINT
# FOR WRIT IN THE NATURE OF MANDAMUS

COME NOW Saad Jasim Khalaf AL-JUMAILIA, Faraed AL RASOOQ, and Ahmed SAAD, Plaintiffs, and for cause of action would show unto the Court:

1. This action is brought against the Defendant to compel action improperly withheld on an immigrant visa application filed by Plaintiff Saad Jasim Khalaf

Al-Jumaili (hereinafter referred to as Mr. AL-JUMAILI). Mr. AL-JUMAILI is an Iraqi national residing in Iraq, married to Plaintiff Faraed AL RAZOOQ, and father to Plaintiff Ahmed SAAD, both residents of Houston, Texas. As more fully set forth below, Mr. AL-JUMAILI is awaiting processing of his immigrant visa so that he can join his family in the United States. That processing has now extended for well over four years.

## PARTIES

2. Plaintiff AL-JUMAILI is a 68 year old male native and citizen of Iraq. He has no family remaining in Iraq and is seeking an immigrant visa so that he may rejoin his family in this country. In addition to his wife and son residing in the Houston area, the rest of his offspring are also residing legally in this country.

3. Plaintiff Faraed AL RAZOOQ ("Faraed") is a 66 year old native and citizen of Iraq, the wife of Mr. AL-JUMAILI and mother of Plaintiff SAAD, and a lawful permanent resident ("LPR") of the United States. *See,* 8 U.S.C. §1001 (a)(20). She resides within this judicial district.

4. Plaintiff Ahmed SAAD is the son of Plaintiffs AL-JUMAILI and AL RASOOQ. He is a native of Iraq and a naturalized citizen of the U.S. living in this District.

5. Defendant Antony BLINKEN is the Secretary of the U.S Department of State ("DOS") and this action is brought against him in his official capacity. The Secretary of DOS is charged with the administration and the enforcement of the provisions of the Immigration and Nationality Act relating to the granting and issuance of visas. 8 U.S.C. §1104(a).

## JURISDICTION

6. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, and 5 U.S.C. § 701 *et seq*. Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper pursuant to 28 U.S.C. §1391(e), in that this is an action against a United States officer in his official capacity, brought in the District where two of the Plaintiffs reside. 8 U.S.C. §1391(e)(1)(C).

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted his administrative remedies to no avail, as developed below. Mr.Al-JUMAILI's visa application is still pending issuance. It has been delayed due to unspecified "administrative processing" for over **four years** following his first interview at the consulate. Despite frequent attempts by his family to follow up or obtain any information from Defendant to expedite the processing of Plaintiff Jassim's immigrant visa, the case remains in "administrative processing."

## CAUSE OF ACTION

9. This case has a long and involved history of administrative processing by Defendant. Plaintiff Ahmed SAAD ("Ahmed") became a naturalized United States citizen in December 2015. His parents thus became "immediate relatives" for purposes of immigrating to the United States. *See,* 22 CFR §42.21(a).

10. Ahmed filed a visa petition for his mother, Faraed, in 2016. Ahmed believed that this petition included his father because his parents were legally married

and the petition form (Form I-130) asks for basic information on the spouse. Unfortunately, "immediate relatives" each require an individual petition. When Ahmed learned of this, he filed a subsequent petition for Mr. JASSIM a few months after the petition for his mother Faraed.

11. Faraed's immigrant visa was issued through the consulate in Baghdad, and she was admitted to the United States as an LPR in June 2017. Plaintiffs reasonably expected that Mr.AL-JUMAILI's immigrant visa was be issued a few months later, allowing for the delayed filing of his I-130.

12. Mr. AL-JUMAILI was actually interviewed at the Baghdad consulate in July 2017. Typically, assuming no grounds for denial or missing documentation, an immigrant visa is issued shortly after interview. The visa was not issued. No grounds for denial have been mentioned by the Defendant's agents. No additional documentation has been requested from Plaintiffs.

13. In frustration over the delay, Plaintiffs asked that Mr.AL-JUMAILI's case be transferred to the Consulate in Frankfurt, Germany. He traveled to Germany on a temporary visa issued to him, and has been there since the beginning of this year. He was again interviewed at Frankfurt on February 16, 2022. Once

again, the visa was not issued, it has not been refused, and no requests for additional information have been received. Inquiries on the status of the case still show that it is in "administrative processing."

14. It has now been over five years since the petition filed on Mr.AL-JUMAILI's behalf was approved, and he was first interviewed at the consulate in Baghdad. "Administrative processing" on his visa is still pending, and Plaintiffs have no been given no idea why.

15. Over the years this case has been pending, Plaintiffs have made numerous attempts to expedite the case or at least learn what is causing the delay.

    (A) Plaintiff AHMED has sent numerous email inquiries to Defendant's agents between the time of the interview in July 2017 and the present. (See attached Exhibit A).

    (B) Some of the responses from Defendant attribute the delays partially to the closing of the consulate for COVID-19. That closure, however, did not take place until almost *three years after* Mr.AL-JUMAILI was interviewed. The consular interview is (normally) very near the end of the immigrant visa process. Since he had already appeared for his

      interview, it would appear irrelevant whether the consulate was open to the public three years later.

(C) Plaintiff Ahmed has also attempted to obtain relief or at least information through the intercession of his congressional representatives. (See attached Exhibits B and C).

(D) These efforts have produced no results. Plaintiffs have repeatedly been told that the case is under "administrative processing," that there is nothing else needed from them, and that Defendant can provide absolutely no estimate of how much longer the "administrative processing" or Mr.AL-JUMAILI's visa may take.

(E) Since the interview in Frankfurt early last year, Plaintiffs have heard nothing further from the Frankfurt consulate. The inquiries they have submitted are again receiving the "administrative processing" response, with no indication as to why the processing is still not completed, and no indication of when it may be.

16. It should be unacceptable for any agent of a civilized, democratic government to:

    (A) delay performing a duty for years beyond the norm despite having been given everything needed to perform that duty;

    (B) provide no information regarding the reason for the delays nor hint of what "processing" remains to be done; and

    (C) and withhold even an estimate as to how much longer this unspecified "processing" may take.

    Defendant and his agents owe a duty to the Plaintiffs and should be required to perform that duty within a reasonable time.

17. Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. .§ 701 *et seq.*, are unlawfully withholding or unreasonably delaying action in completing the unspecified "administrative processing" required before Mr. JASSIM's immigrant visa may be issued.

18. As recited above, Plaintiffs have made numerous status inquiries to secure timely action, and have patiently waited for Defendants to perform ministerial

duties owed to them, all to no avail. Accordingly, Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

## PRAYER

18. WHEREFORE, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

   (a)   requiring Defendant to complete any remaining "processing" required to issue the immigrant visa to Plaintiff AL-JUMAILI;

   (b)   awarding Plaintiffs reasonable attorney's fees incurred in the bringing and prosecution of this action; and

   (c)   granting such other relief at law and in equity as justice may require.

Respectfully submitted,

BATES IMMIGRATION LAW, PLLC

_____*s/Brian K. Bates*_____
BRIAN K. BATES
Counsel for Plaintiffs
Texas Bar No. 01899600
6588 Corporate Dr., 3d Floor
Houston, TX 77036
(281)820-6100 *brian@batesimmlaw.com*